**REPUBLIC STEEL CORPORATION,
Petitioner,**

v.

**INTERIOR BOARD OF MINE OPERA-
TIONS APPEALS, Respondent,**

**United Mine Workers of America,
Intervenor.**

**No. 76–1041.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 6, 1976.

Decided Feb. 22, 1978.

John A. Macleod, Washington, D. C., with whom Richard McMillan, Jr., and Dwight A. Johnson, Washington, D. C., were on the brief, for petitioner.

John M. Rogers, Atty., Dept. of Justice, Washington, D. C., with whom Rex E. Lee, Asst. Atty. Gen. and Leonard Schaitman, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellee. Robert E. Kopp and Frederic D. Cohen, Attys., Dept. of Justice, Washington, D. C., also entered appearances for respondent.

Harrison Combs and Steven B. Jacobson, Washington, D. C., were on the brief, for intervenor.

Before BAZELON, Chief Judge, and LEVENTHAL and MacKINNON, Circuit Judges.

Opinion for the court filed by MacKINNON, Circuit Judge.

MacKINNON, Circuit Judge:

On May 22, 1975, the District Court for the District of Columbia granted plaintiff's motion for declaratory relief in *Association of Bituminous Contractors, Inc. v. Morton* (C.A. No. 1058–74, unreported). In that case, an organization of coal mine construction companies sued to invalidate the construction of a section of the Federal Coal Mine Health and Safety Act of 1969 embraced by the Interior Board of Mine Operations Appeals. The particular issue was the application to coal mine construction contractors of civil liability for failure to abide by mandatory health and safety regulations, 30 U.S.C. § 819 (1970), as announced in *Affinity Mining Co. Keystone No. 5 Mine,* 2 IBMA 57, 80 Interior Dec. 229 (1973).

The district court ruled that coal mine construction contractors were not "operators" within the meaning of 30 U.S.C. § 802, and hence were not liable under 30 U.S.C. § 819. If safety standard violations were not to go entirely unenforced on coal mine construction sites, therefore, citations would have to be issued against the coal mine companies themselves. Accordingly, on August 21, 1975, the Secretary of the Interior issued Secretarial Order 2977 directing Mining Enforcement and Safety Administration personnel "to issue appropriate citations for violations of the Federal Coal Mine Health and Safety Act of 1969 . . . on or after May 24, 1975 to the operator of the coal mine on whose behalf the contractor is performing work." *Republic Steel Corp.,* 5 IBMA 306, 82 Interior Dec. 607, 608 n. 3 (Bd.Mine Op.App.1975).[1]

On August 4, 1975, seventeen days before the issuance of Order 2977, the Mining Enforcement and Safety Administration issued a notice of violation to Republic Steel Corporation for failures of the construction contractor at the Kitt No. 1 Mine to abide by the mandatory safety standards. On August 13, 1975, a withdrawal order under 30 U.S.C. § 814(b) (1970) was issued because of failure to correct the conditions warned of in the notice of violation. The withdrawal order was lifted when corrections were made on the same day.

Republic appealed the withdrawal order, and the administrative law judge vacated it. He relied on *Affinity Mining Co., supra,* which, if still good law, would clearly exonerate coal mine owners from liability for violations of independent contractors. However, the Interior Board of Mine Operations Appeals reversed the administrative law judge.[2]

It is critical to the proper disposition of this appeal to perceive the Interior Board's basis for its decision. That basis was entirely and solely the Board's belief that, after Secretarial Order 2977, it was "compelled" to hold the owner or lessee of a coal mine as the "sole party . . . absolutely liable for violations of the mandatory standards committed by a coal mine construction contractor regardless of the circumstances." *Republic Steel Corp.,* 5 IBMA 306, 82 Interior Dec. 607, 609 (Bd. Mine Op.App.1975).[3] The Board was not premising its opinion on its own interpretation of the statute. Nor did it provide any other rationale upon which the opinion could be justified should the Secretary's Order prove insufficient. Indeed, the Board's language makes it quite clear that the decision was reached reluctantly and at some feared loss of enforcement efficiency:

Insofar as the Department is concerned, including the Administrative Law Judges and the Board, it does not matter any longer in such cases that the owner's or lessee's employees neither caused nor were exposed to a violation of the Act,

---

1. Secretarial Order 2977 was reviewed and upheld by the Fourth Circuit in *Bituminous Coal Operators' Ass'n, Inc. v. Secretary of Interior,* 547 F.2d 240 (4th Cir. 1977).

2. *Republic Steel Corp.,* 5 IBMA 306, 82 Interior Dec. 607 (Bd.Mine Op.App.1975).

3. Although the Secretarial Order was promulgated *after* the citation and withdrawal order were issued against Republic Steel, the Secretarial Order was by its own terms retroactively applicable to a date preceding those events. The permissibility of such a retroactive administrative censure is a matter raised by petitioners in this appeal.

and it is no longer of any moment that the owner or lessee was not realistically in a position to comply with the mandatory standards or to command the abatement of hazards resulting from violations thereof.

■ The Secretary's Order 2977 was itself also "compelled," it was "issued to comply with the declaratory judgment order in *Association of Bituminous Contractors, Inc. v. Rogers C. B. Morton, Secretary of the Interior* . . . and to carry out the mandate of Congress . . . to enforce the provisions of the Act in all coal mines subject to the Act."[4] Were it not for the Secretary's Order, given *Association of Bituminous Contractors,* there would be no enforcement against dangerous mine construction facilities at all. Hence, the rationale for the decision on appeal before us is pyramided upon the District Court's decision in *Association of Bituminous Contractors, supra.* This is not to say that, as a matter of law, liability could not be imposed on coal mine owners or lessees.[5] But the agency decision before us was not, in fact, based on an interpretation of law. It was based, pure and simple, on the *Association of Bituminous Contractors* decision.

■ That decision is reversed by this court in the opinion handed down today in *Association of Bituminous Contractors, Inc. v. Andrus,* 189 U.S.App.D.C. ——, 581 F.2d 853 (1978). Hence, the Board's opinion no longer has a foundation. The decision here must, therefore, be vacated, and the case remanded to the Interior Board of Mine Operations Appeals. The Board may then determine what enforcement course it will follow: whether to proceed, as in the past, only against construction contractors, and therefore dismiss the present action against Republic; or to proceed against Republic on the basis of the Board's own interpretation of how best to effectuate the purposes of the Act.

*Reversed and remanded.*

4. *Republic Steel, supra* note 2, at 608 n. 3.

5. Hence, we do not disagree with the Fourth Circuit's logic in *Bituminous Coal Operators'*

*Ass'n, supra,* that the Act leaves the agency free to assess either coal mine owners or contractors.